UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF THE GRAND, LTD. AS OWNER OF THE DERRICK BARGE MR. TWO HOOKS, ITS ENGINES, GEAR, TACKLE, ETC. IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § | C.A. No. 4:23-cv-02879<br><br>In Admiralty Pursuant to Rule 9(h) |

**VERIFIED COMPLAINT AND PETITION FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Petitioner, The Grand, LTD. ("The Grand") by and through its attorneys of the law firm of SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM P.L.L.C., and for its Complaint seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 *et. seq.* (the "Limitation of Liability Act"), civil and maritime, and alleges upon information and belief as follows:

**I.**

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions to the Federal Rules of Civil Procedure (the "Supplemental Rules").

**II.**

The Grand was at all times pertinent, including the present, a Louisiana company organized and doing business under Louisiana law. The Grand maintains and has maintained at all times pertinent to this proceeding a principal place of business in Metairie, Louisiana and an office with

a mailing address to the Vice President, Nadja Knoulton, 13385 Murphy Road, Stafford, Texas 77477.

**III.**

The Grand was at all times pertinent, including the present, the owner of the derrick barge MR. TWO HOOKS (the "Vessel" or "MR. TWO HOOKS") which relates to the facts and circumstances as cited in the Original Petition in Cause No. 2023-08074 in the 190th Judicial District Court of Harris County, Texas brought by Plaintiff in the underlying claim, Joshua Santos, and attached hereto as Exhibit A. The Vessel has not been attached or arrested and venue is proper in the Southern District of Texas pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims because a lawsuit has been filed pertaining to the October 4, 2022 incident described in Section VI below in Harris County, Texas, which is within the Southern District of Texas.

**IV.**

MR. TWO HOOKS is a derrick barge licensed with the United States Coast Guard. MR. TWO HOOKS has an approximate length of 210 feet, breadth of 70 feet, hull depth of 16 feet, was originally built in 1967, and bears official #1058708 on its USCG certificate of documentation.

**V.**

Prior to and at all times hereinafter described, The Grand exercised due diligence to make and maintain the Vessel in all respects seaworthy; and at all times hereinafter the described Vessel was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped, and furnished, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

**VI.**

On October 4, 2022 Mr. Joshua Santos was working aboard the Vessel which was involved in a project to remove a fixed Main Pass 108 platform and was located approximately 12 miles south of Louisiana on the Outer Continental Shelf of the United States of America in the Gulf of Mexico. Mr. Santos alleges that he was injured on or about October 4, 2022 when he was being transported from a vessel to the MR. TWO HOOKS via a crane and crew basket personnel transfer.

More specifically, in the underlying lawsuit (Exhibit A), Mr. Santos alleges that during the transfer he was "violently through against the derrick barge multiple times" causing Mr. Santos to sustain injuries to his head, neck, back and other body parts.

**VII.**

The injuries, if any, sustained by any and all persons or entities, which may have resulted from the alleged occurrence or occurrences, could only have been occasioned and incurred without the privity or knowledge of The Grand.

**VIII.**

The above-described events, and any alleged injuries, losses, or damages resulting from the October 4, 2022 incident were not caused or contributed by the fault, neglect, lack of due diligence or want of due care on the part of The Grand, the design or condition of the Vessel, nor was the Vessel in any way unseaworthy. Rather, if any injuries, losses, damages, death or destruction were sustained as a result of the incident involving the Vessel and Mr. Santos on or about October 4, 2022, which is denied, said damages were due to and/or caused by the fault, neglect, lack of due diligence or want of due care of others for whom The Grand is not responsible.

**IX.**

The value of The Grand's interest in the Vessel and freight pending for this voyage as of

the casualty is $6,192,500 as shown in the Declaration of Pending Freight and Vessel Value attached hereto as Exhibit B and incorporated herein by reference for all purposes.

## X.

The Grand has reasonable basis upon which to believe that claims will be asserted and prosecuted against it in amounts exceeding the total sum it may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

The Grand alleges that it has valid defenses upon the facts and under applicable law. The Grand therefore invokes the benefits afforded vessel owners under the Limitation of Liability Act as codified in 46 U.S.C. § 183 *et. seq.* and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Specifically, The Grand is entitled to limit its liability to the value of the Vessel and its freight then pending at the time of the incident giving rise to this action. In the alternative, The Grand is entitled to limit its liability to the value of the Vessel and her freight then pending at the time of the incident giving rise to this action.

## XI.

In accordance with the provisions of 46 U.S.C. § 183 *et. seq.* and Rule F of the Supplemental Rules for Admiralty and Maritime Claims, The Grand stands ready to provide a stipulation with sufficient surety for payment into this Court of the value of its interest in the vessel or, in the alternative, the value of its interest in the vessel whenever the same shall be so ordered per the rules and practices of this Court.

## XII.

The Grand initially received notice of Mr. Santos's written claim on February 13, 2023, As is evidenced above, this Verified Complaint is filed within the running of six months from the date The Grand will have received first notice of a written claim.

Except as otherwise stated in this Verified Complaint, The Grand is, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessels in connection with the incident made the subject of this Verified Complaint.

## XIII.

This action is an admiralty claim within the meaning of Federal Rule of Civil Procedure 9(h) and therefore vests subject matter jurisdiction with this Court pursuant to 28 U.S.C. § 1333.

WHEREFORE, PETITIONER, The Grand, LTD., prays:

1. That this Court cause due appraisement be made of the amount or value of The Grand's interest in the Vessel and her freight on or about October 4, 2022;

2. That this Court, upon filing of the *Ad Interim* Stipulation, shall cause a Monition to be issued to all persons asserting claims against The Grand for which the complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on The Grand's attorneys a copy thereof on or before a date to be named in said Monition or be forever barred and permanently enjoined from making and filing any such claims;

3. That this Court enter an order directing that an injunction issue enjoining the prosecution as against The Grand, its agents, and representatives as owner of the Vessel, and of any and all claims, actions or proceedings, whether in existence now or to begin in the future, with respect to the matters in question except in the present proceeding;

4. That this Court adjudge that The Grand is not liable for any loss or damages arising from the aforementioned incident on or about October 4, 2022. Should The Grand be found liable by this Court, then such liability should be limited to the value of its interest in the Vessel. The Grand should be discharged therefrom upon surrender of such interest and

money surrendered, paid or secured to be paid as aforesaid and that said interest should be divided pro rata accordingly among such claimants as may duly prove their claim or claims, saving to parties any priorities to which they may be legally entitled;

5. That this Court enter a decree discharging The Grand from all further liability; and

6. That The Grand may have such other and further relief to which it is justly entitled.

    Respectfully submitted,

    SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM, PLLC

    _____
    **SUSAN NOE WILSON**
    Texas Bar No. 15055025
    S.D. Tex. ID No. 15092
    snoewilson@sbsb-eastham.com
    1001 McKinney, Suite 1400
    Houston, Texas 77002
    Telephone: (713) 588-0446
    Facsimile: (713) 574-2942
    *Attorney-in-Charge for Petitioner*
    *The Grand, Ltd.*

OF COUNSEL

SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM PLLC

**MICHAEL W. HOGUE**
Texas Bar No. 09809800
S.D. Tex. ID No. 8442
mhogue@sbsb-eastham.com
**DYLAN SPECK**
Texas Bar No. 24102528
S.D. Tex. ID No. 30353983
dspeck@sbsb-eastham.com
1001 McKinney, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942