SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF THE GRAND, LTD. AS OWNER OF THE DERRICK BARGE MR. TWO HOOKS, ITS ENGINES, GEAR, TACKLE, ETC. IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § | C.A. No. 4:23-cv-02879<br><br>In Admiralty Pursuant to Rule 9(h) |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

   Michael W. Hogue, counsel for Petitioner The Grand, Ltd. (As Owner of the Derrick Barge Mr. Two Hooks)

   Hogan Leatherwood, counsel for Mr. Joshua Santos

   Jefferson R. Tillery, counsel for Fugro USA, Inc., Fugro, Inc. and Fugro USA Marine, Inc.

   These parties conferred via email and/or telephone on September 7, 2023 and September 14, 2023 and September 18, 2023.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   This case is related to a state court matter that was (a) previously removed to this Court, (b) subsequently remanded by this Court back to state court, and (c) which is currently pending in Harris County, Texas. Specifically, this case is related to *Joshua Santos v. Fugro Inc., et al.*, Cause No. 2023-08074, pending in the 190th Judicial District Court of Harris County, Texas (the "State Court Matter"). The State Court Matter was removed to this Court on March

6, 2023 and assigned Cause No. 4:23-cv-00822, and was remanded back to state court on May 26, 2023.

**3. Briefly describe what the case is about.**

This is a limitation of liability and exoneration action brought by the owner of a vessel in connection with a personal injury incident alleged to have occurred on or about October 4, 2022 during a crew basket transfer between two vessels.

The owner of the vessel seeking limitation of liability and exoneration is Petitioner The Grand, Ltd.

Mr. Joshua Santos alleges in the State Court Action that he suffered severe injuries during the personnel basket transfer, and has brought claims against Fugro Inc., Fugro (USA) Inc., Fugro USA Marine Inc., Laredo Construction Inc., and Laredo Offshore Services Inc. due to their alleged negligence and/or gross negligence.

Each of the entities that Mr. Joshua Santos has made claims against in the State Court Action denies liability and asserts other defenses.

Fugro further contends it does not have any witnesses to this alleged incident. Fugro further denies that Plaintiff is a seaman within the meaning of the Jones Act. Fugro, Inc. and Fugro (USA), Inc. further contend they are improperly named defendants.

**4. Specify the allegation of federal jurisdiction.**

Federal question. Petitioner The Grand Ltd. contends that federal jurisdiction is proper under 46 U.S.C. § 30501 *et. seq*. (the "Limitation of Liability Act").

Mr. Joshua Santos disagrees jurisdiction is proper under the "Limitation of Liabilty Act."

**5. Name the parties who disagree and reasons.**

Mr. Joshua Santos contends this action is untimely under the Limitation of Liability Act, and that jurisdiction is therefore lacking and waived. A limitation act claim must be filed within 6 months after the claimant gives notice to the owner of the vessel. 46 USC § 30529. Mr. Joshua Santos contends that Petitioner The Grand Ltd. first received written notice of any alleged claim in 2022 (more than 6 months before this action was commenced).

Additionally, Plaintiff disagrees that Petitioner The Grand, Ltd., a non-party to the state court action, has standing to file this action and/or purportedly stay the State Court Action.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Should jurisdiction actually exist for this matter and/or should this matter be permitted to continue, Mr. Joshua Santos anticipates the parties to the State Court Action making an appearance.

**7. List anticipated interventions.**

None at this time. A lien for LHWCA benefits paid may exist.

**8. Describe any class-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Initial disclosures. The appearing parties will make initial disclosures prior to the Rule 16 conference per the Court's order.

**10. Describe the proposed agreed discovery plan, including:**

**a. Responses to all the matters raised in Rule 26(f).**

The appearing parties will make initial disclosures prior to the Rule 16 conference per the Court's order.

**b. When and to whom Plaintiff [Petitioner] anticipates that it may send interrogatories.**

Petitioner anticipates it will send interrogatories to Claimants within thirty (30) days of the September 28, 2023 scheduling conference.

**c. When and to whom the Defendant [Claimant] anticipates it may send interrogatories.**

Claimants anticipate they will send interrogatories within ninety (90) days of the September 28, 2023 scheduling conference.

**d. Of whom and by when the Plaintiff anticipates taking oral depositions.**

Petitioner anticipates taking the deposition of Joshua Santos, fact witnesses, Joshua Santos's experts, health care providers of Joshua Santos, and any other persons who might have relevant information. Petitioner (and any other claimant against whom Mr. Santos makes claims) anticipates taking these depositions by May 1, 2024.

**e. Of whom and by when the Defendant anticipates taking oral depositions.**

Mr. Joshua Santos anticipates taking the corporate representative deposition and/or other fact witnesses on issues pertaining to the application of the Limitation of Liability Act including but not limited to the receipt and knowledge of his pre-suit demand letter before January 1, 2024, schedules permitting. Mr. Santos also anticipates taking depositions of all eyewitnesses, any supervisors, Laredo's and Fugro's safety personnel, corporate representative(s), experts, medical

providers, and other people with knowledge of the incident or factors leading to the incident. Claimant anticipates taking these depositions by May 1, 2024.

f. **When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide reports.**

Parties with the burden of proof will designate experts by March 1, 2024, and the opposing party will designate experts by April 1, 2024.

**11. If the parties are not agreed on a part of the discovery plan, describe separate views and proposal of each party.**

Not applicable.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

**13. State the date the planned discovery can be reasonably completed.**

Petitioner: May 1, 2024.

Claimant/Joshua Santos: May 1, 2024.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed the possibility of scheduling a full-day mediation.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties discussed the possibility of early exchange of damages evidence and damages expert reports followed by Plaintiff sending a demand letter to counsel for the Defendants.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties believe that this case is a candidate for mediation.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

Mr. Joshua Santos made a timely demand for a jury trial when filing his original state court pleading in this matter.

Petitioner contends it is entitled to a bench trial on the issues of exoneration and limitation in this matter.

**19. Specify the number of hours it will take to present the evidence in this case.**

24 hours.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21. List other motions pending.**

None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Mr. Joshua Santos contends that this Court should not stay proceedings in the state court case because Petitioner The Grand Ltd. is not a party to that case. Petitioner disagrees.

Mr. Joshua Santos also intends to file a motion to dismiss and/or summary judgment (following necessary discovery) on the issue of whether this limitation of liability act was timely filed.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference, listing the date of the filing for original and any amendments.**

Petitioner The Grand LTD filed its Certificate of Interested Parties on August 24, 2023 (Document #006).

Mr. Joshua Santos filed his Certificate of Interested Parties on September 6, 2023 (Document #007).

The Fugro Claimants will file their Certificate of Interested Parties on September 15, 2023.

**24. List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Morrow & Sheppard LLP**

*/s/ P. Hogan Leatherwood*
John D. Sheppard
State Bar No. 24051331
S.D. Tex. Bar No. 635193
Nicholas A. Morrow
State Bar No. 24051088
S.D. Tex. Bar No. 611443
P. Hogan Leatherwood

State Bar No. 24100138
S.D. Tex. Bar No. 3596603
5151 San Felipe, Suite 100
Houston, TX 77056
713.489.1206 Main
**All E-Service to:**
msfiling@morrowsheppard.com
nmorrow@morrowsheppard.com
jsheppard@morrowsheppard.com
hleatherwood@morrowsheppard.com
**ATTORNEYS FOR CLAIMANT/PLAINTIFF**

**Schouest, Bamdas, Soshea, BenMaier & Eastham, PLLC**

*/s/ Susan Noe Wilson*
Susan Noe Wilson
State Bar No. 15055025
S.D. Tex. No. 15092
snoewilson@sbsb-eastham.com
Michael W. Hogue
State Bar No. 09809800
S.D. Tex. ID No. 8442
mhogue@sbsb-eastham.com
Dylan Speck
State Bar No. 24102528
S.D. Tex. No. 3053983
dspeck@sbsb-eastham.com
1001 McKinney, Ste. 1400
Houston, Texas 77002
Telephone: 713-588-0446
Facsimile: 713-574-2942

**ATTORNEYS FOR PETITIONER/DEFENDANT, THE GRAND LTD**

**Jones Walker LLP**

*/s/ Jefferson R. Tillery*
Jefferson R. Tillery
Texas Southern District Bar No. 295817
Email: jtillery@joneswalker.com
T. Patrick Baynham
Texas Bar No. 00795203
Email: tpbaynham@joneswalker.com
201 St. Charles Avenue, Suite 4700
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile (504) 582-8015

&

Melanie Fridgant
State Bar No. 24109893
Email: mfridgant@joneswalker.com
811 Main Street, Suite 2900
Houston, TX 77002
Telephone: (713) 437-1800
Facsimile (713) 437-1917

**ATTORNEYS FOR CLAIMANTS/DEFENDANTS FUGRO USA, INC. FUGRO, INC. AND FUGRO USA MARINE, INC.**