UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION OF THE GRAND LTD. | § | CIVIL ACTION NO.: |
| AS OWNER OF THE DERRICK | § | 4:23-cv-02879 |
| BARGE MR. TWO HOOKS, ITS | § | |
| ENGINES, GEAR, TACKLE, ETC. | § | JUDGE DAVID HITTNER |
| IN A CAUSE FOR EXONERATION | § | |
| FROM OR LIMITATION OF | § | |
| LIABILITY | § | |

**CLAIMANT'S RESPONSE TO PETITIONER'S MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION**

Claimant Joshua Santos ("Santos") files this Response to Petitioner's Motion to Compel Independent Medical Examination (Doc. 43) (the "Motion"). The Motion must be denied because the Motion fails to show "good cause" for subjecting Mr. Santos to a medical examination by the Claimant's retained expert, and the Motion fails to address details of the proposed examination as required by Rule 35 of the Federal Rules of Civil Procedure.

**I.     The Request Is Not For An "Independent" Medical Examination, But Instead For A Biased And Counsel-Influenced Examination**

As an initial matter, it must be understood that the Motion's repeated reference to an "independent medical examination" or "IME" is misleading. *See* Motion pg. 1, 2, 3, 4, 5. The Motion's reference to Dr. Snook simply as an "orthopedic specialist" without any other detail or background about him is also misleading.

Motion pg. 2.  And the misleading use of the term "independent" in the Motion bears upon why the Motion should be denied.

In reality, as will be shown, Petitioner seeks to have its paid and retained expert perform a defense-oriented medical examination that counsel for Petitioner influences.  That is not what the rule contemplates.

Indeed, the Motion fails to mention that Dr. Snook is Petitioner's retained defense expert. and that he has already reviewed Santos' medical records and authored a report for Petitioner that concludes: "To a reasonable degree of medical probability, I do not see any abnormality that could be attributed to the incident in question." *See* Exhibit 1 (Snook Report pg. 15).  The fact that Dr. Snook has already been retained by Petitioner and reached his conclusion in favor of Petitioner demonstrates he is anything but independent.[1]

The Motion also fails to mention that Dr. Snook is not simply an "orthopedic specialist" as stated in the Motion, but that in reality he runs a medical-legal consulting firm.  *See* https://www.snookmd.com/ (homepage describing business as "Medical Legal Consulting")(homepage referring to Dr. Snook as "trusted orthopedic legal consultant & expert witness).  According to Dr. Snook's website, it is his practice when conducting a medical examination to "ask the attorney to define

---

[1] This point also bears upon whether there is "good cause" for the examination, addressed next.

the specific questions to be addressed in the examination." *See id.* A screenshot of this routine practice is below:

> **Independent Medical Examination (IME)**
>
> With longstanding experience, we can evaluate and discern subtleties during an IME. Typically, our IMEs are combined with medical records and radiology analysis, allowing us to place our conclusions in the full context of the case.
>
> <u>Prior to the IME, we will ask the attorney to define the specific questions to be addressed in the examination.</u> With integrity and honesty, Dr. Snook will provide his expert medical opinions—allowing the attorney to confidently determine next steps.

*See* https://www.snookmd.com/services (red underlining added).

The fact that Dr. Snook solicits examination questions from the non-medical counsel that hired him is improper and anything but independent. Further, this issue demonstrates why the Motion's failure to state the details of the examination requires the Motion to be denied.

## II. Petitioner's Motion Fails to Show "Good Cause"

Rule 35 states that an order for medical examination "may be made only on motion for good cause." Fed. R. Civ. P. 35(a)(2); *see also Diaz v. Con-Way Truckload, Inc.,* 279 F.R.D. 412, 423 (S.D. Tex. 2012)(holding a motion for a Rule 35 independent examination should be denied "if no additional relevant information could be gained by an examination").

Even though Plaintiff's physical and medical condition is at issue in this case, good cause respectfully does not exist here, and it does not seem that additional relevant information could be gained by an examination. With Dr. Snook having already rendered his opinion in favor of Petitioner and against Santos based on his review of records, there does not seem to be good cause to force Petitioner to be examined by a paid-expert for an opposing party who has already seen enough data to form his conclusion against Santos. And since we know that Dr. Snook will be supplied questions by counsel for Petitioner as discussed above, such an examination is essentially akin to forcing Santos to undergo an adversarial deposition without counsel present to protect him.

Likewise, Petitioner fails to show the Court why or how it cannot obtain the same information regarding Claimant's medical condition from (a) Claimant's medical records, or (b) by deposing Claimant's treating physicians. Indeed, Dr. Snook has already rendered his opinion based on those records. Under these particular circumstances, before forcing Santos to be examined by Petitioner's medical-legal consulting expert who has already rendered an opinion, Petitioner should be required to articulate how the records are insufficient, or why depositions of treating doctors should not first occur.

### III.    The Motion Fails to Address the Required Details of the IME

In addition to good cause, Rule 35 also requires that any order for a physical or medical examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(A-B).

Petitioner's Motion requests the Court to allow Petitioner's retained expert to conduct a carte blanche examination of Santos without any limitation much less details on the examination's time, place, manner, conditions, scope, or the identities of all persons who will be performing and/or present for it—besides stating it will occur somewhere in Houston. *See generally* Motion.

On March 4, 2024, Claimant's counsel emailed Petitioner's counsel requesting any additional details about its requested examination beyond it being conducted by Dr. Snook in Houston. *See* Exhibit 2 (March 4, 2024 email to Petitioner's counsel). To date, Petitioner has never responded to this email or given any additional information regarding its proposed examination.

By refusing to confer on the details of the requested examination, and having not addressed any of the details of what an order must require, the Petitioner's Motion should be denied.

## IV.     Necessary Examination Protocols

If the Court were inclined to grant Petitioner's Motion, there should be strict protocols in place to prevent Dr. Snook from exceeding the scope of what is allowed to take place during Mr. Santos' examination. Had Petitioner conferred on these details (as requested), Santos would suggest the following:

- Petitioner shall bear all costs associated with the examination, including Claimant's transportation costs to and from the examination.

- Claimant shall not be required to complete any paperwork in connection with the examination.

- The examination shall be limited to a physical examination. No x-rays, CT scans, MRIs, or invasive procedures will take place.

- Dr. Snook shall write a report of the examination in accordance with F.R.C.P. 35(b) and the report, any drafts of the report, and communications between Petitioner, its counsel, and Dr. Snook (including any employees, agents, or representatives of Dr. Snook) shall be provided to Claimant's counsel within three (3) days of the report.

- Dr. Snook shall be made available for deposition within thirty (30) days of the examination or as otherwise agreed to by the parties.

- The examination shall not take longer than thirty (30) minutes.[2]

- Dr. Snook shall not be permitted to question Claimant about the Incident or any issue related to the lawsuit. Dr. Snook's questioning of Claimant shall be limited to what is reasonably necessary to conduct a physical orthopedic medical examination to determine the nature and extent of Claimant's injuries and how those injuries may or may not be related to the Incident in question.

- Claimant may have a witness of his choosing present at the examination and the witness shall be permitted to sit in on the examination.

## V.   CONCLUSION

Based on the foregoing, Claimant requests that this Court DENY Petitioner's Motion to Compel Independent Medical Examination, and for all other relief to which Claimant may be entitled.

Respectfully submitted,

MORROW & SHEPPARD LLP

/s/ *John D. Sheppard*
John D. Sheppard
Attorney-In-Charge
State Bar No. 24051331
Federal Bar No. 635193

---

[2] In the U.S., most physical examinations take, on average, thirty (30) minutes. *See* https://my.clevelandclinic.org/health/diagnostics/17366-physical-examination (accessed March 4, 2024).

>Nicholas A. Morrow
>State Bar No. 24051088
>Federal Bar No. 611443
>P. Hogan Leatherwood
>State Bar No. 24100138
>Federal Bar No. 3596603
>Morrow & Sheppard LLP
>5151 San Felipe, Ste 100
>Houston, Texas 77056
>713-489-1206 (telephone)
>713-893-8370 (facsimile)
>All e-service to:
>msfiling@morrowsheppard.com
>jsheppard@morrowsheppard.com
>nmorrow@morrowsheppard.com
>hleatherwood@morrowsheppard.com
>
>*Attorneys for Claimant Joshua Santos*

### CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

>/s/*John D. Sheppard*
>John D. Sheppard